**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**DEBRA E. PATTERSON,**

    **Plaintiff,**

**v.**                                                               **CASE NO: 4:18-cv-418-MW-CAS**

**CAPITAL CONSULTANTS**
**MANAGEMENT CORPORATION,**

    **Defendant.**
_____/

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Capital Consultants Management Corporation, through its undersigned counsel, files its Answer and Defenses to Plaintiff's Complaint. Defendant answers in correspondingly numbered and identified paragraphs as follows:

## JURISDICTION

Defendant admits that Plaintiff purports to bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"); Leon County Ordinances, Chapter 9, Article II; and the Florida Deceptive and Unfair Trade Practices Act, section 501.201 *et seq.*, Florida Statutes ("FDUTPA"), and that jurisdiction is proper in this Court. Defendant denies the remaining allegations.

## THE PARTIES

1. Defendant is without knowledge sufficient to either admit or deny the allegations. Therefore, Defendant denies the allegations.

2. Defendant is without knowledge sufficient to either admit or deny, and therefore denies, the allegations in the following sentences of Paragraph 2 of the Complaint: 1 and 10. Defendant admits the allegations in the following sentences of Paragraph 2 of the Complaint: 2, 3, 4, 5, 6, and 7. Defendant denies the allegations in the following sentences of Paragraph 2 of the Complaint: 8, 9, and 11.

## CONDITIONS PRECEDENT

3. Denied.

## STATEMENT OF THE ULTIMATE FACTS

4. Defendant is without knowledge sufficient to either admit or deny the allegations in the following sentences of Paragraph 4 of the Complaint: 1, 2, 3, 4, 6, and 18. The fifth sentence of Paragraph 4 of the Complaint does not contain factual or legal allegations regarding Plaintiff or Defendant, and therefore no response is required. In response to the seventh sentence of Paragraph 4 of the Complaint, Defendant admits only that Plaintiff missed work during her employment with Defendant; Defendant is without knowledge as to the remaining allegations and therefore denies them. In response to the ninth sentence of Paragraph 4 of the Complaint, Defendant admits only that it terminated Plaintiff's employment; Defendant denies the remaining allegations. In response to the tenth sentence of Paragraph 4 of the Complaint, Defendant admits only that Ray Holloway notified Plaintiff on July 23, 2018 that Defendant was terminating her

employment; Defendant denies the remaining allegations. In response to the fifteenth sentence of Paragraph 4 of the Complaint, Defendant admits only that Plaintiff complained to Tricia Hill regarding the alleged conduct of Ray Holloway; Defendant denies the remaining allegations. In response to the sixteenth sentence of Paragraph 4 of the Complaint, Defendant admits only that Hill demonstrated an interest in helping Plaintiff resolve her alleged complaints; Defendant denies the remaining allegations. Defendant denies the allegations in the following sentences of Paragraph 4 of the Complaint: 8, 11, 12, 13, 14, 17, 18, 20, 21, 22, 23, 24, and 25.

5. Defendant admits the allegations in the following sentences of Paragraph 5 of the Complaint: 1, 2, 3, and 6. Defendant denies the allegations in the following sentences of Paragraph 5 of the Complaint: 4, 5, 7, 8, and 9.

6. Defendant is without knowledge sufficient to either admit or deny the allegations in the first sentence of Paragraph 6 of the Complaint. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

## COUNT I
## ALLEGED DISABILITY DISCRIMINATION

7. Defendant reasserts and incorporates its responses to Paragraphs 1 through 6 of the Complaint.

8. In response to Paragraph 8, Defendant admits only that Plaintiff purports to bring an action alleging discrimination under the Leon County, Florida anti-discrimination ordinance. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COUNT II
## ALLEGED ASSOCIATIONAL DISABILITY DISCRIMINATION

18. Defendant reasserts and incorporates its responses to Paragraphs 1 through 6 of the Complaint.

19. In response to Paragraph 19, Defendant admits only that Plaintiff purports to bring an action alleging discrimination under the Leon County, Florida anti-discrimination ordinance. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20. In response to the first three sentences of Paragraph 20 of the Complaint, which contain no factual allegations, Defendant states that the laws speak for themselves. Defendant denies the allegations in the fourth sentence of Paragraph 20 of the Complaint.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## COUNT III
## ALLEGED RETALIATION

27. Defendant reasserts and incorporates its responses to Paragraphs 1 through 6 of the Complaint.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT IV
## UNFAIR & DECEPTIVE TRADE PRACTICES

34. Defendant reasserts and incorporates its responses to Paragraphs 1 through 6 of the Complaint.

35. In response to Paragraph 35 of the Complaint, Defendant acknowledges that Plaintiff purports to bring an action alleging that Defendant violated FDUTPA. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Admitted.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

## COUNT V
## ALLEGED VIOLATION OF FEDERAL WAGE AND OVERTIME LAW

41. Defendant reasserts and incorporates its responses to Paragraphs 1 through 6 of the Complaint.

42. Denied.

43. Denied.

44. Denied.

In response to the unnumbered WHEREFORE Clause immediately following Paragraph 44 of the Complaint, Defendant denies all factual allegations, and denies that Plaintiff is entitled to any of the relief requested including the subparts listed as (b) through (g).

## JURY TRIAL DEMAND

Defendant acknowledges that Plaintiff has demanded a jury trial but denies that Plaintiff is entitled to any of the relief demanded in the Complaint.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant denies all claims and allegations not unequivocally admitted herein. By way of further answer, Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant is providing notice to Plaintiff of the defenses it intends to raise, and Defendant does not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant.

1. To the extent that the period of time alluded to in Plaintiff's Complaint, or any period of time alleged later in this action, predates the limitations period set forth in 29 U.S.C. § 255(a), such claims are barred.

2. Subject to proof through discovery, Plaintiff has waived the right, if any, to pursue the claims in the Complaint, and each purported cause of action contained therein, by reason of her own actions and course of conduct.

3. Plaintiff is precluded from recovering any amounts from Defendant as Defendant has paid her all sums legally due under the law.

4. Defendant affirmatively pleads that any acts or omissions that may be found to be in violation of the law were not willful but occurred in good faith with reasonable grounds for believing that Defendant was in full compliance with the law.

5. Plaintiff's claims are barred in whole or in part by the provisions of the Portal-to-Portal Act, 29 U.S.C. §§ 251 *et seq*, as to all hours during which Plaintiff was engaged in activities that were not compensable work under the FLSA and were not an integral and indispensable part of her principal activities, including but not limited to non-compensable activities that were preliminary or postliminary to her principal activities.

6. Some or all of the disputed time for which Plaintiff seeks recovery of wages purportedly owed is not compensable pursuant to the *de minimis* doctrine.

7. Plaintiff may not recover liquidated damages because: (1) Defendant acted in good faith and did not commit any willful violation of any of the provisions of the FLSA; (2) Defendant did not authorize or ratify any willful violation with respect to

Plaintiff; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

8. To the extent this Court finds that Plaintiff is entitled to damages, Defendant is entitled to a credit for or set-off against amounts overpaid to her in the course of her employment and to a credit for overtime and other premium payments already made to her.

9. Plaintiff is not entitled to compensation for hours she purportedly worked without Defendant's actual or constructive knowledge.

10. Upon information and belief, Plaintiff's damages, if any, must be reduced, in whole or in part, because Plaintiff failed to take reasonable steps to mitigate her damages.

11. Any actions undertaken by Defendant with regard to Plaintiff were taken for legitimate, non-retaliatory, non-discriminatory business reasons.

12. Defendant asserts that, at all material times hereto, it had reasonable procedures in place to prevent and cure any retaliatory or discriminatory practices, and Plaintiff failed to make use of such mechanisms.

13. Defendant has made good-faith efforts to prevent retaliation and discrimination in its workplace, and thus, cannot be liable for the decisions of its agents to the extent the challenged employment decision was contrary to its efforts to comply with anti-retaliation and/or anti-discrimination statutes.

14. Plaintiff's interim earnings, or amounts she could have earned with reasonable diligence, should reduce any back pay otherwise recoverable by Plaintiff.

15. Plaintiff's claims are barred to the extent discovery shows she engaged in misconduct prior to, during, or concurrent with her employment that otherwise would have resulted in her discharge if such conduct were then known to Defendant.

16. Plaintiff's FDUTPA claim against Defendant is barred to the extent FDUTPA does not apply to Defendant and/or the alleged conduct at issue in this lawsuit.

17. Plaintiff cannot demonstrate that she has actual damages, as is necessary to recover on a claim under FDUTPA.

18. Assuming FDUTPA is applicable to the instant action, Plaintiff's damages, if any, for any alleged FDUTPA violation are limited to the extent that a violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

19. Plaintiff is not a qualified individual with a handicap or disability.

20. The employment criteria applied by Defendant were job-related and consistent with business necessity.

21. Plaintiff never requested a reasonable accommodation during her employment with Defendant.

22. Plaintiff cannot establish any causal connection between the alleged acts of retaliation and any statutorily protected activity.

23. One or more of the counts of the Complaint fail to state a claim upon which relief can be granted.

**RESERVATION OF RIGHTS**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses available. Defendant reserves its right to assert additional defenses as permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**WHEREFORE,** Defendant respectfully requests that this Court:

(a) Dismiss Plaintiff's Complaint with prejudice;

(b) Deny each demand and prayer for relief;

(c) Award Defendant its costs and disbursements; and,

(d) Award Defendant such other and further relief as this Court may deem appropriate.

Dated: September 13, 2018.

        Respectfully submitted by:

        **JACKSON LEWIS P.C.**

        */s/ Andrew R. Lincoln*
        Laura E. Prather, B.C.S.
        Florida Bar No.: 870854
        LEAD TRIAL COUNSEL
        Email: laura.prather@jacksonlewis.com
        Andrew R. Lincoln, Esq.
        Florida Bar Number: 0069588
        E-mail: andrew.lincoln@jacksonlewis.com
        Ashwin R. Trehan, Esq.
        Florida Bar No: 42675
        E-mail: ashwin.trehan@jacksonlewis.com

>Wells Fargo Center
>100 S. Ashley Drive, Suite 2200
>Tampa, Florida 33602
>Telephone: 813-512-3210
>Facsimile: 813-512-3211
>
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve the document via transmission of Notices of Electronic Filing on all counsel of record.

>*/s/ Andrew R. Lincoln*
>Attorney

4830-6935-9473, v. 1